## Jones v. Boyd County.

Feb. 29, 1944.

John T. Diederich for appellant.

No brief filed for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Addie Jones owns five acres of land bordering on a county road in Boyd county known as the Miller-Buckley road. She brought this suit against Boyd county to recover damages in the sum of $1,000 which she alleged resulted when the county reconstructed and improved the road. She charged that the defendant, by elevating and ditching the road, changed the natural course of the water and caused it to be collected in the ditch adjacent to her land and to be diverted through a culvert under the road and discharged upon her property, destroying the crops thereon. The jury returned a verdict for the county.

In her motion for a new trial the plaintiff relied upon two grounds: (1) The verdict was contrary to the evidence; and (2) the court erred in giving instruction No. 3. The first ground is without merit and has been abandoned. The only ground urged for reversal is the alleged error of the court in giving instruction No. 3, which reads:

"If you shall believe from the evidence that the overflow, if any, on the plaintiff's property from this ditch resulted from the filling of the ditch by the plaintiff, or by her son, then and in that event she cannot recover from such overflow."

The criticism of the instruction is that the evidence is insufficient to authorize it. In appellant's brief it is stated that the instruction was based on the meager testimony of one witness to the effect that on one occasion the ditch was filled up somewhat by someone. We do not so read the evidence. Mrs. Martha Menshouse,

a neighbor, testified that she saw appellant and her son filling the ditch with dirt. M. H. Lemaster, another neighbor, testified that he saw appellant and her son shoveling rocks and dirt back into the ditch about two hours after the county road ditcher had passed in front of appellant's premises. He also testified that he had lived in the neighborhood more than 40 years and that neither the elevation of the road nor the location of the culvert had been changed. The road had been widened slightly, but the roadbed had not been raised. The improvements made by the county had nothing to do with the flooding of appellant's property, but when the ditch was filled with dirt and debris the water would flow across the road instead of passing through the culvert into a creek which flows through appellant's lot. One of the county commissioners testified that he viewed the premises after complaint had been made, and found the ditch filled with rocks and dirt. The culvert is 15 inches in diameter and he offered to enlarge it and put in a 24-inch tile, but appellant objected and insisted that another culvert be placed under the road nearer the foot of the hill, which would have discharged the water onto the property of her adjoining neighbor. The witness stated that on several occasions he found debris in the ditch in front of appellant's lot which someone had placed there. On one occasion he found wire in the ditch, and he put it in the adjoining field behind a wire fence. On the following day he discovered that someone had placed it back in the ditch and he hauled it away.

There was sufficient evidence to warrant the instruction of which complaint is made, and the judgment is affirmed.